IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WILLIE FRANK WRIGHT, JR.,

       Plaintiff,        OPINION AND ORDER

 v.

                      20-cv-668-wmc

WEST BEND,

       Defendant.

*Pro se* plaintiff Willie Frank Wright, Jr., a Georgia state prisoner, filed this lawsuit contending that defendant West Bend manufactured a dangerous fan and failed to warn consumers that it could shock and burn them. In support, Wright alleges that on July 13, 2019, his fan started smoking, and when he unplugged it, he received a shock and burned his thumb. Wright asserted the same claim in this court in case no. 19-cv-640-wmc. In that case, the court denied him leave to proceed *in forma pauperis* ("IFP") because he had "struck out" under 28 U.S.C. § 1915(g) and had not alleged that he was in imminent danger of physical injury. The court dismissed the case without prejudice to being reopened if Wright paid the full filing fee by September 9, 2019. Wright did not do so.

Instead, Wright has returned nearly a year later, raising the same allegations in a new case, and again requesting leave to proceed without prepayment of the filing fee. This time, Wright disputes that he has "struck out" under 28 U.S.C. § 1915(g), which prohibits a prisoner from proceeding IFP if he has filed three or more prior cases while incarcerated or detained that were dismissed as frivolous, malicious, or for failure to state a claim. The Seventh Circuit has stated that whether the court entering a dismissal calls it a strike is merely a "housekeeping matter"; it is for the court granting or denying leave to proceed IFP to determine whether a

dismissal counts as a strike under § 1915(g).  *Gleash v. Yuswak*, 308 F.3d 758, 761-62 (7th Cir. 2002).

Here, Wright admits to two strikes, one in *Wright v. Massey*, 5:11-cv-491-MTT (M.D. Ga. Dec. 28, 2011) (dismissed for failure to state a claim) and one in *Wright v. Hicks*, No. 5:10-cv-246-MTT (M.D. Ga. July 16, 2010) (dismissed as frivolous).  (Dkt. #2.)  And he is correct that, at least in the Seventh Circuit, the dismissal of some of his prior cases for failure to exhaust administrative remedies would not result in a strike.  *Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010).  But Wright's list of prior cases in his motion to proceed IFP omits some of his lengthy litigation history, including *Wright v. Harrison*, 5:10-cv-184-MTT (M.D. Ga. May 5, 2010) (dismissed for failure to state a claim) and *Wright v. Massey*, 5:10-cv-230-HL (M.D. Ga. June 21, 2010) (dismissed as duplicative of allegations in another pending matter).[1]  As for the '184 case, regardless of whether a dismissal is with or without prejudice, the dismissal of a prisoner's civil lawsuit, for failure to state a claim, counts as a strike under the PLRA's three-strikes rule for IFP status.  *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020).  As for the '230 case, repetitive allegations are considered malicious and are also grounds for dismissal under the PLRA.  *See Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1983)) (noting that it is "malicious" for a *pro se* litigant to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff) (citations omitted).

---

[1] A search of plaintiff's litigation history reveals that he has filed at least eighteen other causes of action prior to executing his complaint on July 10, 2020.  Among those cases he does not include in his motion to proceed IFP are:  *Wright v. Hightower*, 6:18-cv-108 (S.D. Ga July 8, 2019) (dismissed for abuse of the judicial process), and *Wright v. Eubanks*, 5:10-cv-198-MTT (M.D. Ga Sept. 22, 2011) (dismissed at summary judgment).

Because Wright has filed at least three previous civil lawsuits while imprisoned that were dismissed as frivolous, malicious, or for failure to state a claim, he is required to plead that he is in imminent danger of serious physical injury to proceed in this matter. 28 U.S.C. § 1915(g). To meet this requirement, Wright must allege a physical injury that is imminent or occurring at the time the complaint is filed. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). "Allegations of past harm do not suffice" to show imminent danger. *Ciarpaglini*, 352 F.3d at 330.

Here, Wright's allegations concern one past incident in which his fan was smoking, and he was shocked and burned. There is no suggestion that Wright is currently suffering or is at risk of serious physical injury, so he cannot proceed with this case without paying the full filing fee. The court will therefore dismiss this case without prejudice. If Wright submits the $402 fee by the deadline set below, the court will reopen the case.

ORDER

IT IS ORDERED that:

1) Plaintiff Willie Frank Wright, Jr. is DENIED leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(g).

2) This case is DISMISSED without prejudice to its reinstatement if Wright submits the $402 filing fee by **May 25, 2021**.

Entered this 4th day of May, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge